

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

May 14, 2018

Tim F. Branaman, Ph.D.
Chair, Texas State Board of Examiners
    of Psychologists
333 Guadalupe, Suite 2-450
Austin, Texas 78701

Opinion No. KP-0198

Re: Whether a licensed psychologist may submit a bill to a third-party payer under the licensed psychologist's name without indicating that the psychological services rendered were provided by a supervisee (RQ-0193-KP)

Dear Dr. Branaman:

You seek an opinion on the interplay between section 501.351(b) of the Occupations Code and the rule in title 22, section 465.15(a)(5), of the Texas Administrative Code.[1] You ask whether a licensed psychologist who delegates the administration of a test or service to a supervisee "may submit a bill or invoice to a third-party payer pursuant to Section 501.351(b) under the licensed psychologist's own name, without indicating that the psychological services were provided by a supervisee."[2] Request Letter at 1. You are concerned that such a practice "may constitute a violation of Chapter 35 of the Penal Code." *Id.*

Chapter 501 of the Occupations Code regulates the practice of psychology. *See* TEX. OCC. CODE §§ 501.001–.505. Chapter 501 requires a person engaged in the practice of psychology to be licensed as a psychologist. *See id.* § 501.251; *see also id.* § 501.252 (providing for psychologist license). Chapter 501 also provides for a provisional license and a temporary license. *Id.* §§ 501.253 (providing for a provisional license), 501.263 (providing for a temporary license). A provisional licensee may practice psychology "under the supervision of a psychologist to meet the requirements for issuance" of a psychologist license. *Id.* § 501.253(b). Section 501.351 authorizes a psychologist to delegate the performance of certain tests and services to specific individuals. *Id.* § 501.351(a).[3] Subsection (b), about which you ask, states that the

---

[1]Letter from Tim F. Branaman, Ph.D., Chair, Tex. State Bd. of Exam'rs of Psychologists, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Nov. 9, 2017), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]You tell us you do not seek an opinion on federal law or the Texas Medicaid program because the "Medicaid Provider Procedure Manual provides reasonable guidance on third-party billing." Request Letter at 3.

[3]Prior to section 501.351's enactment, a 1996 Attorney General Letter Opinion determined that the statute then governing psychologists did not permit a rule authorizing a psychologist to delegate psychological services to a non-licensed individual. *See* Tex. Att'y Gen. LO-96-147 (1996) at 1.

> delegating psychologist remains responsible for the psychological test or service performed by the person to whom the test or service is delegated, and the test or service *is considered to be delivered by the delegating psychologist for billing purposes, including bills submitted to third-party payors.* The person must inform each patient on whom the test or service is performed that the person is being supervised by a licensed psychologist.

*Id.* § 501.351(b) (emphasis added).

Like the courts, when construing a statute our "chief objective is effectuating the Legislature's intent, and ordinarily, the truest manifestation of what lawmakers intended is what they enacted. This voted-on language is what constitutes the law, and when a statute's words are unambiguous and yield but one interpretation, the judge's inquiry is at an end." *Combs v. Roark Amusement & Vending, L.P.*, 422 S.W.3d 632, 635 (Tex. 2013) (quotation marks omitted).

Section 501.351(b)'s plain language provides that the delegated test or service "is considered to be delivered by the delegating psychologist for billing purposes, including bills submitted to third-party payers." TEX. OCC. CODE § 501.351(b); *see also id.* § 501.352 (providing that a "person to whom a psychologist delegates a psychological test or service . . . is not considered to be engaged in the independent practice of psychology"). This authorization is readily distinguishable from other aspects of section 501.351 in which the Legislature provided that the performance of a test or service by a supervisee must be disclosed. Subsection 501.351(a)(2) requires that a person to whom the test or service has been delegated "does not represent to the public that the person is authorized to practice psychology." *Id.* § 501.351(a)(2). Subsection 501.351(b) requires that the person delegated to perform the test or service must "inform each patient on whom the test or service is performed that the person is being supervised by a licensed psychologist." *Id.* § 501.351(b). In these contrasting provisions the Legislature demonstrated its intent to treat third-party payers differently than psychology patients and the public. Given that intent, a court would likely construe subsection 501.351(b) to permit a licensed psychologist to submit a bill to a third-party payer under the licensed psychologist's name without indicating that a supervisee provided the psychological services.[4] Whether a provision such as 501.351(b) constitutes good policy is for the Legislature to determine. *See State Bd. of Ins. v. Betts*, 315 S.W.2d 279, 281 (Tex. 1958) ("Courts have no concern with the wisdom of legislative acts, but it is our plain duty to give effect to the stated purpose or plan of the Legislature, although to us it may seem ill advised or impracticable."); *Smith v. Nelson*, 53 S.W.3d 792, 796 (Tex. App.—Austin 2001, pet. denied) (stating that courts "do not sit to assess the wisdom or desirability of the legislative act").

You direct us to the Board of Examiners of Psychologists' rule related to this provision. *See* Request Letter at 1. The rule requires that "[i]n reporting their services to third-party payers, licensees accurately reflect the nature, date and fees for the services provided, and the identity of

---

[4]Our conclusion is based upon the general scope of the statutes you cited. If a specific statute applies to the services provided, the requirements of the specific statute must be followed. TEX. GOV'T CODE § 311.026 (providing that a specific statute prevails over a conflicting general statute). *See, e.g.*, TEX. HUM. RES. CODE § 36.002 (enumerating unlawful acts related to Medicaid program).

the person(s) who actually provided the services." 22 TEX. ADMIN. CODE § 465.15(a)(4) (Tex. State Bd. of Exam'rs of Psychologists, Fees and Financial Arrangements). The determining factor in analyzing whether a "particular administrative agency has exceeded its rule-making powers is that the rule's provisions must be in harmony with the general objectives of the Act involved." *Gerst v. Oak Cliff Savs. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968). "[A]n administrative rule . . . must not impose additional burdens, conditions, or restrictions in excess of or inconsistent with relevant statutory provisions." *Harlingen Family Dentistry, P.C. v. Tex. Health & Human Servs. Comm'n*, 452 S.W.3d 479, 486 (Tex. App.—Austin 2014, pet. dism'd). The rule requires a licensee to identify to third-party payers "the person(s) who actually provided the services." 22 TEX. ADMIN. CODE § 465.15(a)(4). When a supervisee actually provided the services, the rule imposes an additional burden or condition in excess of the statutory requirement, which does not require the identification of the supervisee who conducted the delegated test or service. Accordingly, a court would likely determine this rule is inconsistent with subsection 501.351(b).

You tell us that because insurance companies routinely reimburse supervisees at a lesser rate than a licensed psychologist, the "insurance companies will most likely pay more on those claims than they otherwise would have if the identity of the actual provider had been disclosed." Request Letter at 2. For this reason, you ask about section 35.02 of the Penal Code. Section 35.02 sets out the offense of insurance fraud and provides that

> [a] person commits an offense if, with the intent to defraud or deceive an insurer, the person, in support of a claim for payment under an insurance policy:
>
> (1) prepares or causes to be prepared a statement that:
>
> (A) the person knows contains false or misleading material information; and
>
> (B) is presented to an insurer; or
>
> (2) presents or causes to be presented to an insurer a statement that the person knows contains false or misleading material information.

TEX. PENAL CODE § 35.02(a); *see also id.* § 35.02(b) (stating that "[a] person commits an offense if, with the intent to defraud or deceive an insurer, the person solicits, offers, pays, or receives a benefit in connection with the furnishing of goods or services for which a claim for payment is submitted under an insurance policy"). The language of Penal Code section 35.02 is broad but it requires a specific *mens rea* or mental state: that a person have the "intent to defraud or deceive an insurer." *Id.* § 35.02(a), (b). It also requires a statement that the person knows contains false or misleading material information. *See id.* § 35.02(a). Yet, the plain language of Occupations Code section 501.351(b) permits the filing of a bill to third-party payers that treats the test or service to have been delivered by the supervising psychologist. *See* TEX. OCC. CODE § 501.351(b). Thus, a billing statement made in compliance with Occupations Code section 501.351(b) cannot be one of false or misleading material information and cannot serve as the sole basis for a violation

of Penal Code section 35.02.[5]  Whether in other particular circumstances the filing of a bill or invoice to a third-party payer could violate Penal Code section 35.02 will depend on specific facts and is beyond the purview of an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0956 (2012) at 3; *see also* Tex. Att'y Gen. Op. No. JC-0256 (2000) at 3 ("[w]hether a person has committed a crime in any particular circumstance is a question of fact that cannot be resolved in an attorney general opinion").

---

[5]The same is likely true of Occupations Code chapter 105, governing unprofessional conduct by a health care provider. *See* Supplemental Letter from Tim F. Branaman, Ph.D., Chair, Tex. State Bd. of Exam'rs of Psychologists, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Feb. 2, 2018) (raising chapter 105 of the Occupations Code) (on file with the Op. Comm.).  Section 105.002 provides that a health care provider commits unprofessional conduct if the provider "in connection with the provider's professional activities: . . . (2) knowingly prepares, makes, or subscribes to any writing, with intent to present or use the writing . . . in support of a false or fraudulent claim under an insurance policy." TEX. OCC. CODE § 105.002(a)(2).

## S U M M A R Y

Section 501.351(b) of the Occupations Code expressly provides that a test or service delegated to a supervisee by a licensed psychologist "is considered to be delivered by the delegating psychologist for billing purposes, including bills submitted to third-party payers." With such plain indication of the Legislature's intent, a court would likely construe the provision to permit a licensed psychologist to submit a bill to a third-party payer under the licensed psychologist's name without indicating that the psychological services rendered were provided by a supervisee. The wisdom of such a provision is for the Legislature to determine.

The Board of Examiners of Psychologists' administrative rule requiring indication that the test or service was rendered by a supervisee is likely inconsistent with the statute.

Section 35.02 of the Penal Code sets out the offense of insurance fraud and requires, in part, a statement the person knows contains false or misleading material information. A billing statement, made in compliance with Occupations Code section 501.351(b), cannot be one of false or misleading material information and cannot serve as the sole basis for a violation of Penal Code section 35.02. Whether in particular other circumstances the filing of a bill or invoice to a third-party payer could violate Penal Code section 35.02 will depend on specific facts and is beyond the purview of an attorney general opinion.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee